[No. 28200.   Department Two.   December 12, 1940.]

WASHINGTON STATE HOP PRODUCERS, INC., *Appellant*, v. FRANK EGLIN *et al.*, *Respondents*.[1]

[1]Reported in 108 P. (2d) 329.

*Cheney & Hutcheson,* for appellant.

*Clark & Grady,* for respondents Eglin *et al.*

*George C. Twohy,* for respondents Hanses *et al.*

*Bonsted & Nichoson* and *F. C. Palmer, Jr.,* for respondents Hearron *et al.*

BEALS, J.—Washington State Hop Producers, Inc., an incorporated hop marketing cooperative association, instituted this action for the purpose of obtaining a declaratory judgment concerning certain compromise settlements which had been entered into between plaintiff and nine former members of the association, named, with their wives, as defendants herein.

It was alleged that it was matter of importance, both to plaintiff and defendants, to know whether or not the agreements entered into between plaintiff and defendants, the avowed purpose of which as to both parties was to terminate defendants' membership in plaintiff association, were in law effective to accomplish that end.

The facts may be briefly stated as follows: Plaintiff corporation was organized during the month of December, 1937, the defendants, all hop growers in Yakima county, having during that month and the following January become members of the association by signing marketing contracts with plaintiff. Over

one hundred other hop growers also became members of the association and still maintain their membership therein. Two of the defendants defaulted in this action, one of them having signed a new membership contract.

After signing their hop marketing agreements and becoming members of plaintiff association, each of the defendants (with the exception of Ebert Hearron), contended that he had been induced, by alleged false and fraudulent misrepresentations, to sign a marketing contract and become a member of plaintiff, and threatened to institute litigation for the purpose of obtaining a judgment declaring his membership rescinded and terminated, upon the ground that the same was obtained by fraudulent misrepresentation.

After negotiations between plaintiff corporation and the defendants, it was agreed between plaintiff and the defendants, severally, that each defendant should pay to plaintiff a substantial sum, the aggregate amounting to several thousand dollars; and that, upon such payments, defendants' membership contracts should be canceled and terminated. These settlements were agreed to by plaintiff's officers and by its board of directors, and were thereafter carried out, each defendant making the payment which he agreed to make and receiving from plaintiff a cancellation of his marketing contract, terminating his business relationship with plaintiff. The proposed agreements with defendants were made by the officers and board of directors of plaintiff, on its behalf, and were not submitted to a meeting of plaintiff's members, nor were they consented to by every member of plaintiff association.

It is alleged in plaintiff's complaint, and is an admitted fact, that A. E. Beaulaurier and others, as plaintiffs, thereafter instituted an action against this plaintiff as defendant, the plaintiffs in that action contend-

ing that the defendant in that action, plaintiff herein, had, through its officers and directors only, no legal right to make the compromise settlements which it made with the defendants in this action, or to agree to the termination of the membership contracts which these defendants had entered into with the association, for the reason that no member of the association could lawfully be released from his membership contract and obligations without the consent of all of the members of plaintiff association, and that consequently the defendants in this action remained members of plaintiff association and were never lawfully released from their obligations as such.

It was also alleged in the complaint herein that the Beaulaurier action had been tried; that the same had resulted in a decision to the effect that plaintiff's officers and board of directors had no legal authority to agree with the defendants herein that defendants' marketing contracts should be canceled; and that no such agreement could be made without the consent of all the members of plaintiff association.

It was further alleged that, by reason of the facts above set forth, questions had been raised as to the legal relationship, if any, existing between the plaintiff and the defendants herein, and that the rights of the respective parties to this action should be declared by a judgment to be herein rendered.

The contract which defendants Hearron had entered into with plaintiff had also been canceled by act of plaintiff's officers and board of directors, but for reasons different from those which led to the cancellation of the other contracts between plaintiff and the defendants herein.

Defendants in this action filed answers to plaintiff's complaint, setting up the agreements between defendants, respectively, and plaintiff, and praying that a

decree be entered declaring valid the agreements between defendants, respectively, and plaintiff, whereby defendants were released from all obligations to plaintiff and their memberships in plaintiff association canceled.

Lloyd L. Hughes, Inc., a corporation, intervened in the action, alleging an interest therein by reason of a contract between intervener and Mr. Hearron, whereby the latter agreed to sell his hops to intervener. Intervener also asked that the contract whereby plaintiff released Mr. and Mrs. Hearron from their membership in plaintiff be declared valid.

After the issues were fully made up, the action was tried to the court and resulted in a judgment, which, after reciting many of the facts hereinabove stated, together with other facts, declared that the compromise agreements between plaintiff and the defendants in this action were valid in law and binding upon the parties hereto; that the marketing contracts entered into between the defendants in this action and plaintiff had been lawfully canceled and terminated by mutual agreement; and that, by these agreements, the defendants herein, respectively, had ceased to be members of plaintiff association.

From this judgment, plaintiff corporation has appealed to this court.

On this appeal, appellant states its desire to impartially disclose the facts and submit authorities which should be considered in declaring the law applicable to the questions involved.

As to respondents Hearron, it appears that, December 7, 1937, Mr. Hearron executed a marketing contract, providing for the sale of his hops by appellant. The following year, Mr. Hearron found himself in financial difficulties; his ranch, crops, and equipment were subject to past due mortgages held by the Fed-

eral Land Bank of Spokane, and foreclosure was imminent. Mr. Hearron found it impossible to obtain further financial aid unless he obtained a release of his marketing contract. A compromise was finally agreed upon, whereby Mr. Hearron, in consideration of a cancellation by appellant of his marketing contract, paid appellant a certain amount in cash, giving his promissory note for the further amount. In consideration of this agreement, appellant's board of directors, by a unanimous vote, released Mr. Hearron from his contract.

It appears from the record that, by June, 1938, each one of respondents earnestly desired to terminate his membership in appellant association. Except as to respondents Hearron, appellant was threatened with litigation, which would be to appellant both embarrassing and expensive. Such litigation would also have had the result of delaying appellant's operations and complicating its business relations, both with its other members and with third parties.

The decree appealed from contains findings to the effect that appellant was threatened by respondents with litigation which would have greatly embarrassed appellant; that, by the settlements which were made, respondents made substantial cash payments to appellant; that the respective compromises were made upon the advice of counsel and were approved by unanimous vote of appellant's board of directors; that these settlements were agreed to by the board of directors in good faith and in the exercise of due diligence and reasonable prudence; that, shortly after these agreements were consummated, all of the members of appellant association had knowledge thereof, and none of the members ever made any objection to the agreements until sometime during the year 1939. The court further found that appellant association has

retained all the sums paid by respondents in consideration of their respective releases, and that appellant has used this money in the course of its business operations, to its great benefit and to the benefit of its members.

■ From the record, it appears beyond question that there was a *bona fide* controversy between respondents (with the exception of respondents Hearron) and appellant association, as to the legal right of respondents to obtain a cancellation of their marketing agreements and terminate their memberships. It also appears, as found by the trial court, that there was an actual compromise made between all of the respondents and appellant, whereby appellant received, as consideration for the release of respondents, substantial sums in money. The agreements made with respondents were acted upon by all the parties in good faith. Respondents entered into contracts with other parties for the sale of their hops, and these contracts have been acted upon without objection from appellant.

Authorities are cited in which the distinction between the *legal authority* of officers and directors of a corporation, under articles of incorporation and by-laws and the applicable statutes, and the *powers* to bind the corporation possessed by the officers and directors thereof, has been discussed. We find it unnecessary to discuss these authorities and others cited. The findings contained in the judgment entered by the trial court are clearly supported by the record, and the judgment entered is in conformity therewith.

We are convinced that the agreements entered into between appellant and respondents were, at the time of the entry of the judgment appealed from, binding upon the respective parties to the agreements.

■ A motion was made to dismiss this appeal,

upon the ground that there was no controversy between the parties. The motion presented a close question, but after argument the motion was denied. It is true that, apparently, both appellant and respondents desire an affirmance of the judgment of the trial court. Appellant, however, on its appeal has stated the questions fairly, and upon the record the judgment should be, and is, affirmed.

BLAKE, C. J., SIMPSON, JEFFERS, and DRIVER, JJ., concur.

[1]Reported in 108 P. (2d) 331.